UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Petters Group Worldwide, LLC,
and Thomas J. Petters,

                      File No. _____

        Plaintiffs,

v.

Mark Miller,

        Defendant.

---

## COMPLAINT AND JURY DEMAND

---

For their Complaint against defendant Mark Miller, plaintiffs Petters Group Worldwide, LLC, and Thomas J. Petters state and allege as follows:

### THE PARTIES

1.      Petters Group Worldwide, LLC ("Petters Group") is Delaware limited liability company with its principal place of business in Minnetonka, Minnesota.

2.      Thomas J. Petters ("Petters") is an individual residing in Minnesota.

3.      On information and belief, Mark Miller is an individual residing at 4902 Indianola Way, La Canada, California, 91011.

### JURISDICTION AND VENUE

4.      This is an action for declaratory judgment and breach of contract. The Court has jurisdiction under 28 U.S.C. §§ 1332. Venue is proper under 28 U.S.C. § 1391(a).

## FACTS

### I.  Miller Obtained Loans From RedtagBiz, Inc. and Petters

5.  At all relevant times, RedtagBiz, Inc. ("Redtag") was a Minnesota corporation with its principal place of business located in Minnesota

6.  In 2000, Redtag hired Miller as its chief executive officer.  Miller worked for Redtag as its CEO or in other capacities until the fall of 2002.

7.  In or around August 2000, Miller obtained a loan from Redtag in the amount of $250,000.  The loan was documented in a promissory note.

8.  In or around March 2001, Miller obtained a loan from Petters in the amount of $150,000.  The loan was documented in a promissory note.

### II.  Petters Group Entered Into A Licensing Agreement With Polaroid

9.  In 2002, Petters Group entered into a licensing agreement with Polaroid Corporation that allowed Petters Group to market certain products using the Polaroid name.

10.  Miller assisted Petters Group in approaching Polaroid about a licensing agreement.

11.  Miller and Petters Group agreed that Petters Group would pay Miller a commission in the amount of 0.005% of Petters Group's gross revenue from sales of licensed products for a period of two years (the "Miller/Petters Group Agreement").

### III.  Miller Asked Petters For Assistance In Resolving His Debt

12.  In 2002, Miller wrote to Petters and asked him for assistance in resolving his outstanding indebtedness on the two promissory notes payable to Redtag and Petters.  According to Miller, he had incurred legal fees in connection with two other matters and could not make the payments he owed to Redtag and Petters.

13.     A true and correct copy of Miller's correspondence to Petters is attached as Exhibit A.

14.     On or about December 5, 2002, Miller wrote a letter to Richard Menczynski, Redtag's then Chief Financial Officer, regarding the amount Miller owed to Redtag.  Miller stated that he could not pay Redtag and that he wanted to use the 0.005% commission to pay Redtag.

15.     A true and correct copy of Miller's correspondence to Richard Menczynski is attached hereto as Exhibit B.

16.     Petters met with Miller in Minnesota in 2003 to discuss Miller's request for assistance.  At this meeting, Miller and Petters agreed that Redtag and Petters would forgive the amounts owed by Miller on the two promissory notes.  Miller and Petters also agreed that Miller would receive a one-time payment in the amount of $150,000.  In return, Miller agreed that he had been paid in full regarding the Miller/Petters Group Agreement.

17.     Petters, Miller and Redtag memorialized their agreement in a written agreement dated July 31, 2003 ("the Settlement Agreement").

18.     A true and correct copy of the Settlement Agreement is attached as Exhibit C.

**III.    Miller Obtained A Loan From Petters Group In The Amount Of $100,000**

19.     In or around November 2003, Miller obtained a loan from Petters Group in the amount of $100,000.

20.     On or about November 21, 2003, Miller executed a promissory note payable to Petters Group in the amount of $100,000 ("Petters Group Note").  The Petters Group Note provides that it is being delivered in Minnesota and is governed by Minnesota law. The Petters Group Note further provides that Miller must repay all principal and interest in full on or before

November 21, 2004.  In the event that the Petters Group Note is not paid when due, Petters

Group is entitled to all costs of collection, including attorney's fees.

21.     A true and correct copy of the Petters Group Note is attached hereto as Exhibit D.

22.     On or about November 21, 2003, Miller also executed a Confession of Judgment.

The Confession of Judgment provides that if Miller fails to pay the amount owed to Petters

Group, Miller authorizes any attorney to appear on behalf of Petters Group in the District Court

of Hennepin County, in the state of Minnesota, to confess judgment on behalf of Miller in favor

of Petters Group.

23.     Miller did not pay all principal and interest before November 21, 2004.

## IV.     Miller Obtained A Loan From Petters In The Amount of $150,000

24.      In or around January 2005, Miller obtained a loan from Petters in the amount of

$150,000 ("Petters Loan").  The loan is payable on demand from Petters.

25.     A true and correct copy of the loan check from Petters to Miller dated January 13,

2005, is attached hereto as Exhibit E.

26.     Miller has not repaid the $150,000 loan from Petters.

27.     The foregoing allegations are incorporated into each of the claims below.

### COUNT ONE
### (Declaratory Judgment)

28.     Miller has disputed the validity and enforceability of the Settlement Agreement.

29.     The Settlement Agreement is valid and enforceable.

30.     Petters has standing as a signatory to the Settlement Agreement to seek a

declaratory judgment regarding the enforceability of the Settlement Agreement.

31.     Petters Group has standing as a third-party beneficiary of the Settlement

Agreement to seek a declaratory judgment regarding the enforceability of the Settlement

Agreement.

32.     Petters and Petters Group request that the Court enter a judgment declaring that

the Settlement Agreement is valid and enforceable.

## COUNT TWO
### (Breach of Contract – Petters Group Note)

33.     Miller executed a promissory note dated November 21, 2003, in the amount of

$100,000.

34.     Pursuant to the Petters Group Note, payment of all principal and interest was due

on or before November 21, 2004.

35.     Miller breached the Petters Group Note by failing to pay the amount owed on or

before November 21, 2004.

36.     As a direct result of Miller's breach of the Petters Group Note, Petters Group has

been damaged in an amount in excess of $100,000.

## COUNT THREE
### (Quantum Meruit – Petters Group Note)

37.     Miller received a benefit from Petters Group in the form of a $100,000 loan.

38.     Miller is not entitled to retain the benefit of the loan without repaying Petters

Group.

39.     Miller's retention of the loan is unjust and inequitable.

40.     Miller has unjustly enriched himself to Petters Group's detriment in the amount of

$100,000.

41.     To avoid Miller's unjust enrichment, the Court should direct Miller to return the

loan proceeds to Petters Group.

## COUNT FOUR
### (Breach of Contract – Petters Loan)

42.     Miller obtained a loan from Petters on or about January 13, 2005, in the amount

of $150,000.

43.     Miller agreed to repay the loan upon demand from Petters.

44.     Petters is demanding that Miller repay the loan.

45.     Miller's failure to repay the loan constitutes a breach of the agreement between

Miller and Petters.

46.     As a direct result of Miller's breach of the agreement between Miller and Petters,

Petters has been damaged in an amount in excess of $150,000.

## COUNT FIVE
### (Quantum Meruit – Petters Loan)

47.     Miller received a benefit from Petters in the form of a $150,000 loan.

48.     Miller is not entitled to retain the benefit of the loan without repaying Petters.

49.     Miller's retention of the loan is unjust and inequitable.

50.     Miller has unjustly enriched himself to Petters' detriment in the amount of

$150,000.

51.     To avoid Miller's unjust enrichment, the Court should direct Miller to return the

loan proceeds to Petters.

## JURY DEMAND

52.     Petters Group Worldwide, LLC and Thomas J. Petters demand a jury trial for all

issues triable to a jury.

**WHEREFORE**, Petters Group Worldwide, LLC and Thomas J. Petters ask the Court to:

1.    Award judgment declaring that the Settlement Agreement is valid and enforceable;

2.    Award Petters Group judgment against Miller in an amount in excess of $250,000, to be proven at trial;

3.    Award Petters Group its costs and attorneys' fees incurred in this action; and

4.    For such other relief the Court deems just and equitable.


Dated:  September 8, 2005                    s/David R. Marshall
                                            David R. Marshall (#184457)
                                            Gregory E. Karpenko (#286473)
                                            Robert J. Shainess (#334297)
                                            FREDRIKSON & BYRON, P.A.
                                            200 Sixth Street South, Suite 4000
                                            Minneapolis, MN 55402-1425
                                            (612) 492-7000
                                            (612) 492-7077 (Fax)

                                            Attorneys for Plaintiffs


#3160757\1